# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| VICTOR O. DAVIDSON, Owner,<br><br>Respondent,<br><br>v.<br><br>JONATHAN MASON and TERI MASON,<br><br>Appellants,<br><br>And<br><br>ANY/ALL UNKNOWN OCCUPANTS,<br><br>Defendants below. | No. 60825-1-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, J.—Jonathan and Terri Mason rented property from Victor Davidson. After the Masons fell behind on their rent payments, Davidson served a notice to pay rent or vacate and subsequently filed an unlawful detainer action. The Masons vacated the property before the unlawful detainer show cause hearing.

After the show cause hearing, the trial court found the Masons liable for unlawful detainer and entered a judgment for unpaid rent, costs, and attorney fees. The Masons argue that the trial court erred by entering a judgment for Davidson because the Masons relinquished their possession before the show cause hearing. Davidson did not file a response brief.

We hold that the trial court erred by awarding damages in the unlawful detainer action because possession was no longer in dispute at the show cause hearing. We therefore reverse the damages award and vacate the trial court's judgment.

FACTS

Jonathan and Terri Mason (the Masons) rented property from Victor Davidson. The Masons started their tenancy on or around August 14, 2020. Under the lease, the Masons owed Davidson $1,500 per month in rent, plus any utility overage. The Masons' rent was due on the first of every month.

In December 2024, Davidson prepared and served the 14-day notice to pay rent or vacate the premises (Notice). The Notice states that the Masons owed $4,550 in unpaid rent spanning several months. The Masons failed to timely pay the delinquent rent or vacate the premises as required by the Notice.

In January 2025, Davidson served an eviction summons on the Masons and filed a complaint for unlawful detainer. The trial court set a show cause hearing date in February. The Masons vacated the premises and returned their keys after the complaint was filed but before the show cause hearing.

At the show cause hearing, the trial court gave both parties an opportunity to present their arguments on the unlawful detainer action. Despite Davidson's concession that possession had already been resolved, Davidson asked the trial court to determine damages at the unlawful detainer hearing rather than in a separate civil action because back rent is related to possession, and because it would be more efficient to simply deal with the back rent claim at that time. The Masons responded that because the parties agree that possession is no longer an issue, Davidson

must re-file the claim for monetary damages as a civil action. The Masons also pointed out that as it related to damages, there were affirmative defenses the trial court needed to consider. The trial court determined that Davidson's

> analysis [was] more compelling, because this was served back in December . . . [and] filed in January. The . . . defendants were in custody and possession of the property at the time when the suit started and, therefore, it is a different posture than if they had moved out and then he attempted to do an unlawful detainer.

Verbatim Rep. of Proc. at 10-11. The trial court found the Masons liable for unlawful detainer. At the hearing, the trial court did not allow the Masons to assert their affirmative defenses because, the trial court determined, the assertion of the defenses was not timely and because there was not a declaration from the Masons related to the defenses.

Following the show cause hearing, the trial court entered a judgment for unlawful detainer against the Masons for $10,288.00 plus 9 percent interest. This amount includes the unpaid rent, plus costs and attorney fees.

The Masons appeal the judgment for unlawful detainer.

ANALYSIS

CONVERSION TO CIVIL SUIT

A. Legal Principles

An unlawful detainer action is an expedited, summary proceeding to resolve possession issues for leased property. *Kiemle & Hagood Co. v. Daniels*, 26 Wn. App. 2d 199, 210, 528 P.3d 834 (2023). The trial court's primary role in an unlawful detainer action is therefore to resolve the "right to possession" between a landlord and tenant. *Angelo Prop. Co., LP v. Hafiz*, 167 Wn. App. 789, 808, 274 P.3d 1075 (2012). When the trial court hears an unlawful detainer action, it sits as a "special statutory tribunal" that "summarily decide[s] the issues authorized by statute" and is "*not*

3

[ ] a court of general jurisdiction with the power to hear and determine other issues." *Granat v. Keasler*, 99 Wn.2d 564, 571, 663 P.2d 830 (1983) (alteration in original). An unlawful detainer action is therefore narrow, limited to the question of possession and any "related issues such as restitution of the premises and rent." *Munden v. Hazelrigg*, 105 Wn.2d 39, 45, 711 P.2d 295 (1985).

When the right to possession is resolved prior to either a show cause hearing or a trial on the unlawful detainer suit, the landlord may no longer avail itself of the trial court's jurisdiction in an unlawful detainer action and the trial court lacks the authority to resolve disputes unrelated to possession of the premises. *Hous. Auth. of City of Seattle v. Bin*, 163 Wn. App. 367, 375, 260 P.3d 900 (2011); *Munden*, 105 Wn.2d at 41; *Castellon v. Rodriguez*, 4 Wn. App. 2d 8, 18, 418 P.3d 804 (2018). However, the proceeding may be converted into an ordinary civil suit if the landlord wishes to pursue an action for back rent or other damages. *Munden,* 105 Wn.2d at 45-46. In adopting this rule, the supreme court explained that when possession is no longer at issue, the reason for the summary proceeding "evaporates" and an ordinary civil action is the "more appropriate vehicle" for resolving the dispute. *Id*. at 46. The trial court has the exclusive power to convert an unlawful detainer action into a general civil action for damages. *Castellon*, 4 Wn. App. 2d at 18.

B. Application

Below, Davidson did not dispute that possession of the property had been restored to him and was no longer at issue. Both Davidson and the Masons agreed that the Masons relinquished their right to possession before the show cause hearing. The relevant consideration in an unlawful detainer action is whether the defendants were in possession of the leased property at the time of the show cause hearing, not at the time of filing.

Because, as we explain above, unlawful detainer actions are summary proceedings that are limited to the issue of possession, the trial court lacked the authority to proceed with the show cause hearing on the unlawful detainer complaint once it was satisfied that possession had been restored to Davidson. In the event the trial court wished to award damages to Davidson, it was required to first convert the unlawful detainer action into a general civil suit for damages. Nothing in the record indicates that the trial court took any action to convert the unlawful detainer action into a civil action for damages prior to issuing the judgment. Therefore, the trial court erred by awarding damages to Davidson in the unlawful detainer action because possession was not in dispute at the show cause hearing.

CONCLUSION

The trial court erred by entering a judgment in the unlawful detainer action against the Masons because possession was not in dispute at the show cause hearing. Accordingly, we reverse the trial court's award of damages to Davidson and vacate the trial court's judgment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

No. 60825-1-II

_____
CRUSER, J.

We concur:

_____
VELJACIC, C.J.

_____
LEE, J.

6